Constance WIRTA, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA,
et al., Defendants.

Civ. A. No. 93–0664TFH/DAR.

United States District Court,
District of Columbia.

May 25, 1994.

Michael Jeffrey Eig, Matthew Barry Bogin, Francisco Lopez, Jr., Bogin & Eig, Washington, DC, for Constance Wirta.

Michael Jeffrey Eig, Bogin & Eig, Washington, DC, for Eileen Wilkinson Wirta.

Michelle L. Sedgewick, Office of the Corp. Counsel, Washington, DC, for Dist. of Co-

lumbia, Franklin L. Smith, Superintendent, D.C. Public Schools.

THOMAS F. HOGAN, District Judge.

No objections being timely filed, it is so ordered.

### REPORT AND RECOMMENDATION

DEBORAH ANN ROBINSON, United States Magistrate Judge.

This action was referred to the undersigned United States Magistrate Judge for full case management. Currently pending for consideration by the undersigned are Plaintiff's Motion for Summary Judgment and Defendants' Motion to Dismiss.

Plaintiff Constance Wirta is a minor child with disabilities, and is eligible for services under the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400–1461, and the Rehabilitation Act, 29 U.S.C. § 794. Complaint, ¶ 2. Plaintiffs, in this action, allege that defendants violated the IDEA and the Rehabilitation Act through their failure to provide minor plaintiff a free appropriate education (Count I); to make findings of fact and conclusions of law based solely on the evidence presented during the due process hearing before defendants' hearing officer (Count II); to address the issues presented at the hearing (Count III); to properly allocate the burden of proof at the due process hearing (Count IV); and to order reimbursement of parent's expenses at the Oakland School, the minor plaintiff's "limited placement," for the 1992–93 school year (Count V). Plaintiffs' Motion for Preliminary Injunction, in which plaintiffs sought an order requiring defendants to fully fund the minor plaintiff's placement at the Oakland School during the pendency of this litigation, was granted. See February 24, 1994 Order of the trial court, adopting the February 3, 1994 Report and Recommendation of the undersigned.

### Background

The District of Columbia Public Schools ("DCPS") has funded the placement of minor plaintiff in private schools since 1988, when she was found eligible for special education services. For the 1991–92 school year, DCPS funded and placed the minor plaintiff at the Lab School of Washington, a private day school for students with specific learning disabilities. Lab School personnel conducted a number of assessments of minor plaintiff, including academic testing, speech and language testing, psychological testing and an occupational therapy assessment. In June, 1992, the Lab School determined that it could no longer meet the minor plaintiff's educational needs. On July 29, 1992, her parents requested that DCPS conduct a hearing, and alleged that DCPS had failed to provide "an appropriate special education and Due Process of Law." The minor plaintiff was thereafter placed by her parents at the Oakland School, a private special education school in Boyd Tavern, Virginia, for the 1992–93 school year.

DCPS did not conduct a due process hearing until January 14, 1993. The hearing officer, in his February 3, 1993 determination, found that DCPS had failed (1) to conduct the required triennial evaluation of minor plaintiff; (2) to conduct a "prompt review" of minor plaintiff's placement, notwithstanding reasonable notice of her parents' desire for a change in placement; and (3) to propose an appropriate special education program and placement for the 1992–93 school year.

However, the hearing officer declined to make any finding with respect to the appropriateness of the minor plaintiff's placement at the Oakland School. The hearing officer found that the appropriateness of the Oakland School could not be determined without a DCPS reevaluation of the minor plaintiff, and determination of whether an alternative placement should be proposed. The hearing officer further found that the minor plaintiff was receiving special education and related services at the Oakland School, and that the school meets state standards. The hearing officer determined that the Oakland School could serve as the minor plaintiff's "limited placement," but declined to order that DCPS retroactively reimburse the parents of the minor plaintiff.

Plaintiffs sought reconsideration of the hearing officer's determination. As grounds therefore, plaintiffs alleged that the hearing

officer "fail[ed] to appropriately place the burden of proof on the school system." Plaintiffs observed that DCPS offered no testimony at the hearing, and maintained that DCPS did not meet its burden of demonstrating that its actions were proper. Defendants never responded to plaintiffs' request for reconsideration. The hearing officer denied plaintiffs' request for reconsideration.

In their motion for summary judgment, plaintiffs maintain that the hearing officer's decision to afford DCPS further opportunity to conduct additional evaluations of the minor plaintiff and to propose an alternative placement, and, in the interim, to defer consideration of whether the placement proposed by plaintiffs was appropriate, was improper. Additionally, plaintiffs maintain that the hearing officer's decision to not order retroactive reimbursement of minor plaintiff's educational and related expenses was improper.[1] In support of their motion, they rely upon an accompanying statement of material facts as to which they contend there is no genuine issue, which includes references to the portions of the record on which they rely to support the statement.

Defendants oppose plaintiffs' motion on the ground that there is a genuine issue of material fact, particularly with respect to the appropriateness of a private, residential, special education placement for the minor plaintiff; however, their statement of material facts as to which they contend a genuine issue exists includes no references to the portions of the record on which they rely in support of their statement. In a separate motion to dismiss, defendants maintain that the hearing officer conducted the hearing in a fair and efficient manner; that his determination was supported by the evidence and was otherwise proper; and that this action should be remanded for further administrative proceedings, that is, determination of the appropriateness of minor plaintiff's placement at Oakland School. Defendants' motion is accompanied by a nearly one-inch thick stack of materials outside the pleadings. Plaintiffs,

in their opposition to defendants' motion, maintain that defendants have not shown why further tests and assessments of minor plaintiff are necessary. Additionally, they maintain that defendants' motion is procedurally deficient in that defendants rely exclusively on matters outside the pleadings, yet their motion is not accompanied by a statement of material facts as to which there is no genuine issue.

### *Discussion*

A moving party is entitled to summary judgment where the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In order to defeat a motion for summary judgment, the nonmoving party must present affirmative evidence sufficient to demonstrate the existence of a material fact as to which there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

■ The undersigned finds that there is no genuine issue as to any material fact. Plaintiffs submit that there is no genuine issue with respect to the following facts: (1) that minor plaintiff is a child with disabilities and is eligible for special education services; (2) that defendants were required to conduct a triennial evaluation of minor plaintiff by November, 1991, but failed to do so; (3) that on July 29, 1992, the minor plaintiff's parents requested a due process hearing based upon defendants' failure to provide "an appropriate special education and Due Process of law"; (4) that defendants' hearing officer concluded that defendants failed to conduct a "prompt review" of minor plaintiff's placement and "failed to propose an appropriate special education program and placement for the 1992–93 school year"; and (5) between September, 1992 and May, 1993, minor plaintiff's grade equivalence scores on standardized tests have increased. Plaintiffs support their Statement of Material Facts as to Which There is No Genuine Issue with cites

---

1. To the extent that plaintiffs seek reimbursement of expenses from February, 1993 through the pendency of this litigation, their request is moot, as such relief was afforded by the grant of their *Motion for Preliminary Injunction.*

**4**

to the record; indeed, they principally rely upon the determination of defendants' hearing examiner.

Significantly, defendants do not controvert any of the material facts set forth by plaintiffs in their statement. Instead, they maintain simply that there remains a genuine issue of material fact, "particularly regarding the appropriateness of a private residential special education placement" for minor plaintiff. However, neither that contention nor any of the remaining ones set forth in defendants' Statement of Material Facts as to Which There is a Genuine Issue includes any reference to any portion of the record which purportedly supports the contentions. The undersigned will accordingly deem the facts identified by plaintiffs admitted.[2]

The undersigned also finds that plaintiffs have demonstrated that they are entitled to judgment as a matter of law. The IDEA permits "any party aggrieved by the findings and decision" rendered during administrative proceedings to "bring a civil action" in state or federal court without regard to the amount in controversy. 20 U.S.C. § 1415(e)(2). The reviewing court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." *Id.*

The Supreme Court, in addressing the role of a reviewing court in an action brought under the IDEA, stated that

a court's inquiry in suits brought under § 1415(e)(2) is twofold. First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably

calculated to enable the child to receive educational benefits?

*Board of Education of Hendrick Hudson Central School District v. Rowley* (hereinafter *"Rowley"*), 458 U.S. 176, 206–07, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982) (footnotes omitted); *see Kerham v. McKenzie,* 862 F.2d 884, 886 (D.C.Cir.1988); *Kroot v. District of Columbia,* 800 F.Supp. 976, 980 (D.D.C.1992).

In this case, defendants' own hearing officer determined that defendants had not satisfied the procedural requirements of the IDEA. Specifically, he found that defendants had (1) failed to conduct the required triennial evaluation of minor plaintiff; (2) failed to conduct a "prompt review" of minor plaintiff's placement after the parents' July 29, 1992 hearing request; (3) delayed in "making available a free, appropriate public education" to minor plaintiff; and (4) failed to propose an appropriate special education program and placement for the 1992–93 school year. Hearing Officer's Determination (Plaintiffs' Exhibit 1) at 6–12. The first prong of the inquiry prescribed by the Supreme Court in *Rowley* clearly must be resolved against defendants.

■ The second prong of the inquiry, adapted to address the decision at issue here,[3] must also be resolved against defendants. The undersigned finds that the hearing officer's decision that he could not consider the appropriateness of minor plaintiff's placement at the Oakland School "without having DCPS complete the reevaluation and then determining whether an alternative placement needs to be proposed," Hearing Officer's Determination at 9, is unsupported by applicable law. The Supreme Court has held that the IDEA authorizes reimbursement of the educational and related expenses of a child covered by the Act where the school system failed to propose a placement in accordance with the Act's requirements.

---

2. Where a motion for summary judgement is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.
Fed.R.Civ.P. 56(e). Local Rule 108(h) provides, in pertinent part, that "[i]n determining a motion

for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."

3. *See Kroot v. District of Columbia,* 800 F.Supp. at 981.

*School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts,* (hereinafter "Burlington"), 471 U.S. 359, 369, 105 S.Ct. 1996, 2002, 85 L.Ed.2d 385 (1985). The authority on which the hearing officer relied in support of the contrary proposition [4] predates *Burlington* and, in any event, is not dispositive of the issue which was presented below. Defendants have offered no authority which permits a school system a second opportunity to conduct evaluations and propose an alternative placement where its failure to do so in the first instance violated the requirements of the Act. Nor have defendants offered authority which entitles a school district to attempt to corroborate the results of tests performed by others. Indeed, "[n]owhere in the [IDEA] regulations is there a requirement that school personnel must themselves perform the evaluation." *Carroll v. Capalbo,* 563 F.Supp. 1053, 1058 (D.R.I.1983); *see Hudson v. Wilson,* 828 F.2d 1059, 1065 (4th Cir.1987) (the IDEA "clearly permits parents to obtain private testing and nowhere implies that local schools must corroborate private results before using them.").[5]

Finally, where a public school system has defaulted on its obligations under the IDEA, a private school placement is "proper under the Act" if the education provided by said school is "reasonably calculated to enable the child to receive educational benefits." *Rowley,* 458 U.S. at 176, 102 S.Ct. at 3034. Here, it is undisputed that minor plaintiff's grade equivalence scores on standardized tests of reading, spelling and math have increased, *see* Plaintiffs' Exhibit 8, and that some of her academic gains have been characterized as "significant." *Id.* Additionally, she "is gaining confidence in herself" and "is showing a stronger desire to cooperate." *Id.* For these reasons, it cannot be disputed that the Oakland School is an appropriate placement for minor plaintiff.

### Conclusion

For the foregoing reasons, and upon consideration of the entire record herein, it is, this 5th day of May, 1994,

**RECOMMENDED** that Plaintiffs' Motion for Summary Judgment be **GRANTED**; and it is

**FURTHER RECOMMENDED** that Defendants' Motion to Dismiss be **DENIED.**

---

4. *Patsel v. District of Columbia,* 522 F.Supp. 535 (D.D.C.1981).

5. Defendants do not contend that the extensive evaluations performed at the Lab School were incomplete or otherwise deficient.